In the Matter of Aloysius T. Gray, Respondent.

First Department, February 10, 1939.

*Edward B. Towns*, for the petitioner.

*Richard T. Herrmann*, for the respondent.

Martin, P. J. Pursuant to the provisions of section 1383 of the Greater New York Charter (as amd. and re-enacted by Laws of 1915, chap. 581), charges were presented to this court by Hon. Pelham St. George Bissell, President Justice of the Municipal Court of the City of New York, against Mr. Aloysius T. Gray, clerk of

the Ninth District Municipal Court of the City of New York, Borough of Manhattan. They are as follows:

" 1. Violation of Rule XVII, subdivision H; of the Municipal Court Rules in failing to make daily bank deposits.

" 2. Failure to properly care for court trust fund monies deposited with him.

" 3. Gross negligence in care of court funds.

" 4. Failure to report the loss of court trust fund monies.

" 5. Shortage in court fee account.

" 6. General laxity in the supervision of the Clerk's office.

" 7. Conduct prejudicial to the proper functioning of the Court."

The respondent, having been duly served with a copy of the charges, interposed an answer thereto, and on February 7, 1939, a hearing was conducted by this court in compliance with the provisions of section 1383 of the Greater New York Charter, at which hearing the respondent testified and was represented by counsel.

Statements given by the respondent under oath before the President Justice of the Municipal Court on December 21, 1938, and also given before the confidential investigator to the comptroller of the city of New York on December 22, 1938, were received in evidence at the hearing before this court pursuant to a stipulation between counsel to the President Justice of the Municipal Court and counsel to the respondent.

The respondent testified before the confidential investigator to the comptroller as follows:

" Q. On May 26, 1938, trust funds in the amount of $328.40 were received by you but were not deposited in the bank account which you maintain as clerk of the court, is that correct? A. It is correct. Q. On August 9, 1938, trust funds in the amount of $533.81 were received by you but were not deposited in the bank account you maintain as clerk of the court, is that correct? A. Correct. Q. On August 10, 1938, trust funds in the amount cf $25.00 were received by you but were not deposited in the bank account you maintain as clerk of the court, is that correct? A. That is correct."

In explanation of his failure to comply with the rule of the court requiring him to make a daily deposit of all funds received by him, the respondent stated that during the summer months his office was undermanned. An assistant clerk and a deputy clerk retired during July and their positions were not filled for several months. In addition, the attaches of the court were on vacation at that time. The respondent testified that he remembered receiving the moneys referred to above but that, aside from placing them in his pocket and making out a deposit slip for the moneys received in August, 1938, he did not know what happened to them.

The following excerpts taken from the testimony of the respondent before President Justice Bissell on December 22, 1938, will give some idea of the negligent manner in which the respondent conducted the business of the court: " A. * * * the three or four hundred dollars money I had yet because I didn't want to place the deposit through until it was complete. * * * I don't remember making a bank slip out for it. As far as depositing it is concerned I don't remember a thing about that. It is totally in a haze. Q. Why is it in a haze? A. I don't know, Judge, it just stands out. I don't seem to remember anything about the bank slip. * * * Q. * * * Now, you have told me yesterday that some time in July or August there were further sums of $33.00 and $25.00 that you received for the trust funds and lost. Is that correct? A. That is. * * * Q. What happened then? A. I don't remember after that, Judge, what happened on that. Q. You don't remember how you mislaid them? A. I had a very, very bad habit of putting money in my pocket. Q. What is your explanation for the loss of these three separate sums? A. I can only explain the first one, that there was really no way to explain it that I can see, which was lost or picked is the best explanation I can give for it. I think I do remember in the second one making out two bank slips. The first one I don't remember."

The statements of the respondent that he did not know what became of court funds or money of litigants deposited with the court, or why he failed to replace such funds for several months, is unsatisfactory and wholly incredible.

The unfitness of the respondent to continue as clerk of the Ninth District Municipal Court of the City of New York, Borough of Manhattan, was clearly shown by his testimony before this court. We find him guilty of the charges preferred against him. His failure to comply with the rules established for his guidance and for the protection of litigants requires that he be removed as clerk of that court, and an order to that effect should be entered forthwith.

O'Malley, Glennon, Dore and Callahan, JJ., concur.

Respondent removed from office.